UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANTE JACKSON,

                Plaintiff,

    -against-

CITY OF WHITE PLAINS, PAUL VIVIANO,
JOSEPH CASTELLI, JOHN BRADY AND
JONATHAN MOODY,

                Defendants.

No. 05-cv-0491 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Following motion practice, Plaintiff Dante Jackson's ("Plaintiff") only remaining claim is one for excessive force pursuant to 42 U.S.C. § 1983 against Defendant Paul Viviano ("Defendant"). The Court assumes the parties' familiarity with the facts and procedural history of this matter.

    Trial is scheduled to begin on January 25, 2016. In anticipation of trial, both Plaintiff and Defendant filed motions *in limine*. For the following reasons, the parties' motions are GRANTED in part and DENIED in part.

## LEGAL STANDARD

    "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984). Thus, the Court is called "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2016

Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005). Only evidence that is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (internal citations omitted), should be excluded on a motion *in limine*. Because the Court does not have the benefit of viewing the proposed evidence in the context of trial, a motion *in limine* ruling may be "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant[s'] proffer." *Paredes*, 176 F. Supp. 2d at 181 (quoting *Luce*, 469 U.S. at 41).

The Court looks to Rules 401, 402, and 403 of the Federal Rules of Evidence to determine whether the contested evidence is admissible at trial. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008).

**DISCUSSION**

Both Plaintiff and Defendant have moved *in limine* for multiple orders precluding and permitting the introduction of certain evidence at trial.  The Court deals with each request in turn.

**I.     Defendant's Motion *In Limine***

   *a. Defendant's Prior Uses of Force*

Defendant seeks to preclude Plaintiff from introducing evidence of Defendant's prior uses of force while serving as an officer for the White Plains Police Department.  The admissibility of such evidence is governed by Rule 404 of the Federal Rules of Evidence.  With certain exceptions, Rule 404 precludes the admission of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait," Fed. R. Evid. 404(a)(1), as well as "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  Nevertheless, a party may offer such evidence for certain limited purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Plaintiff contends that he will offer such evidence to show intent, absence of mistake, lack of accident, and *modus operandi*.

As an initial matter, Defendant's intent is irrelevant to Plaintiff's claim of excessive force and therefore not admissible under Rule 404(b).  Excessive force claims are analyzed using an objective, not subjective, standard, requiring a plaintiff to "show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).  This analysis is conducted "'without regard to . . . underlying intent or

motivation.'" *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) *supplemented*, 108 F. App'x 10 (2d Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

Likewise, this case does not involve a contention by Defendant that he punched Plaintiff by accident or mistake. Instead, Defendant denies that he punched Plaintiff at all. (Def.'s Mot. at 6-7; Def.'s Reply at 2.) Where, as here, a defendant does not assert that his conduct was the result of an accident or mistake, the admission of evidence to show absence of mistake or lack of accident is irrelevant and therefore inadmissible. *Hynes v. Coughlin*, 79 F.3d 285, 291 (2d Cir. 1996) (finding that because plaintiff did not allege that he kicked the defendant by accident, and instead denied kicking the defendant at all, admission of plaintiff's prison disciplinary record to show intent or accident was inappropriate.)

Finally, Plaintiff's contention that Defendant's prior uses of force may be admitted to show his *modus operandi* or pattern of conduct is unavailing. "[T]he proper purpose of pattern evidence is principally to show the identity of the perpetrator or the absence of accident or mistake." *Id.* at 291-92. The Court has already held that absence of accident or mistake is irrelevant on the facts of this case. Further, there is no question of identity – Plaintiff has clearly identified Defendant as the officer who allegedly punched him in the face.

Accordingly, Plaintiff may not seek to introduce evidence of Defendant's prior uses of force under Federal Rule of Evidence 404(b).

### b. *Evidence Relating to Defendant's IED Diagnosis and his Application for Disability*

Next, Defendant seeks to preclude admission of all evidence concerning Defendant's diagnosis with Intermittent Explosive Disorder ("IED") and his application for disability retirement as irrelevant and prejudicial under Rules 401 and 403 of the Federal Rules of Evidence, respectively. Plaintiff contends that this evidence is admissible on two grounds: (1)

4

under Rule 401, because it has the tendency to make Plaintiff's version of events more likely than without the admission of the evidence, and (2) under Rule 404(b), because intent, absence of mistake, accident, and inadvertence are at issue in this matter.

Although Defendant's diagnosis with IED occurred after the alleged incident with Plaintiff, there is nothing on the face of the record to suggest that Defendant was not suffering from symptoms of IED at the time of the alleged incident, which, as Defendant concedes, may include "verbal aggression (e.g. temper tantrums, tirades, verbal arguments or *fights*)." (Def.'s Mot. at 9 n.3) (emphasis added). In fact, Defendant's own testimony, although not perfectly clear, indicates that he was involved in a number of fights while serving as jailor, including incidents involving punches to the head. (*See*, *e.g.*, Declaration of James Lenihan, Ex. 2, 20:7-15.) In light of the fact that the "'standard of relevance established by the Federal Rules of Evidence is not high,'" *Hart v. RCI Hosp. Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) (quoting *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985)), the Court finds that evidence relating to Defendant's diagnosis and disability application would bear at least some relevance as to whether it was more or less probable that Defendant punched Plaintiff during the alleged incident.

Nevertheless, Federal Rule of Evidence 403 "permits the exclusion of evidence, even if relevant, 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 537 (E.D.N.Y. 2011) (citing Fed. R. Evid. 403). "In making a Rule 403 determination, courts should ask whether the evidence's proper value is more than matched by the possibility that it will divert the jury from the facts which should control their verdict." *Id.* at 537 (internal citations, quotations, and alterations omitted). Here, the Court is convinced that admission of

5

evidence concerning Defendant's diagnosis and disability application would be unfairly prejudicial, significantly confuse the issues, and mislead the jury. Introduction of the evidence would create, at best, the inference that because Defendant suffers from a disorder resulting in violent or explosive behavior, he is more likely to have punched Plaintiff in this instance. But introducing the evidence for that purpose, while somewhat relevant, is likely to divert the jury's attention from the real issue in this case – whether there is evidence that Defendant actually punched Plaintiff during the alleged incident. Moreover, the Court cannot ignore the high likelihood that admission of this evidence will unfairly prejudice Defendant by inviting the jury to determine that he punched Plaintiff based on the symptoms of his disorder, rather than on the evidence presented related to the alleged incident.

Finally, and as discussed in detail above, the exceptions to Federal Rule of Evidence 404(b) advanced by Plaintiff are inapplicable in the instant matter, whether applied to the admission of Defendant's prior uses of force or his IED diagnosis and subsequent disability application.

Accordingly, the Court precludes Plaintiff from introducing evidence of Defendant's IED diagnosis or his disability application.

    *c. Testimony of Charlene Coram and Lorraine Jackson*

Defendant seeks to preclude Plaintiff from calling Charlene Coram or Lorraine Jackson as witnesses for failing to disclose both witnesses within the time period specified by Federal Rule of Civil Procedure 26(a). Defendant contends that Plaintiff first identified Coram and Jackson as witnesses on December 14, 2015. Plaintiff counters that he provided Defendant with a witness list on December 11, 2015, well within the time period specified in Rule 26.

Federal Rule of Civil Procedure 26(a)(3) requires each party "to disclose, 'at least 30 days before trial,' the identity of all witnesses that the party intend[s] to 'present at trial other than solely for impeachment purposes.'" *Patterson v. Balsamico*, 440 F.3d 104, 116 (2d Cir. 2006) (citing Fed. R. Civ. P. 26(a)(3)). "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendant concedes he was notified that Coram and Jackson would testify on December 14, 2015. Trial in this matter is set to begin on January 25, 2016. Plaintiff therefore provided notice "at least 30 days before trial" as required by Rule 26(a)(3). Because Plaintiff complied with the technical requirements of the Rule, the Court sees no reason to preclude testimony from these witnesses, to the extent such testimony is not otherwise precluded in accordance with this Opinion.

### d. Bifurcation of the Punitive Damages Portion of the Trial

Defendant requests that the determination of liability and Plaintiff's compensatory damages, if any, be bifurcated from any determination made on the issue of punitive damages. Plaintiff accedes to this request.

Courts in this district have granted such requests, and given the consent by both parties, the Court will permit the bifurcation of the trial as to punitive damages. *See Tillery v. Lynn*, 607 F. Supp. 399, 403 (S.D.N.Y. 1985) (bifurcating trial as to punitive damages "in the interest of justice and to avoid any undue prejudice during the liability phase of th[e] action.").

### e. *Plaintiff's Prior Arrests*

Lastly, Defendant seeks to introduce Plaintiff's prior arrests as evidence of his bias against police officers under Federal Rule of Evidence 404(b) and to show his lack of emotional trauma or upset resulting from the alleged incident, as alleged in his statement of damages. Plaintiff contends that the probative value of his arrest history is slight and that such evidence has the potential to greatly prejudice the Plaintiff.  Moreover, Plaintiff argues that this case no longer includes a claim for unlawful arrest, thus obviating the need to disprove emotional distress caused by his arrest.

Although evidence of bias against the police has been found admissible as probative impeachment evidence under Rule 404(b), *see Barkley v. City of Klamath Falls*, 302 F. App'x 705, 706 (9th Cir. 2008), courts have precluded the admission of evidence of *generalized* bias against the police. *See Thompson v. Martin*, No. 3:08-CV-309, 2011 WL 1938169, at *2 (N.D. Ind. May 20, 2011) (collecting cases).  In *Barkley*, the sole case on which Defendant relies for the admission of Plaintiff's prior arrests, the Court admitted "evidence of Margaret Barkley's prior arrest for assaulting a Klamath Falls police officer to show her bias against the defendants, who work for the same police department." *Barkley*, 302 F. App'x at 706.  *Barkley* is readily distinguishable from this matter, as Defendant seeks to introduce all of Plaintiff's arrests, without regard to the relevant officer, police department, or underlying facts of the arrest.  Defendant's submission on reply of evidence of Plaintiff's assault on a court officer, who is not a member of the White Plains Police Department, does not cure this deficiency.  (Declaration of Janine Mastellone, Docket No. 222, Exs. M & N.)  Admission of such general evidence, even only for impeachment purposes, would be highly prejudicial when compared to its limited probative value.  *See* Fed. R. Evid. 403; *see also Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir.

2013) ("Presenting a section 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers."). Although Defendant is precluded from introducing evidence of all of Plaintiff's prior arrests, Defendant may, at trial, make an application to introduce certain of those arrests for impeachment purposes, assuming that Defendant can make the requisite showing of specificity as outlined above.

Likewise, Defendant is precluded from introducing evidence of Plaintiff's prior arrests to show his lack of emotional trauma or upset resulting from the alleged incident. Plaintiff correctly points out in his opposition papers, though perhaps not in the most articulate manner, that this case now involves only a claim for excessive force, not unlawful arrest, and that he no longer seeks damages for his emotional trauma as a result of his arrest. Though Plaintiff's prior arrests would be relevant to show that Plaintiff suffered less distress as a result of his detainment than someone who had not previously been detained, *see Banushi v. Palmer*, No. 08-CV-2937 KAM JO, 2011 WL 13894, at *3 (E.D.N.Y. Jan. 4, 2011) *aff'd*, 500 F. App'x 84 (2d Cir. 2012), the Court fails to see how Defendant's prior arrests are in any way relevant to the emotional damages Plaintiff sustained as a result of the alleged assault. To the extent that Plaintiff opens the door at trial by arguing that he is seeking damages resulting from his arrest, rather than the alleged assault, Defendant may introduce evidence of Plaintiff's prior arrests, though not the underlying facts of the arrests, during the damages phase of the trial.

## II. Plaintiff's Motion *in Limine*

### a. Plaintiff's Prior Convictions and Arrests

Plaintiff seeks to preclude Defendant from introducing evidence of Plaintiff's prior convictions and arrests under Federal Rule of Evidence 609. The Court has already decided the admissibility of Plaintiff's prior arrests in relation to Defendant's motion *in limine*, and Defendant conceded in the same motion that he "does not intend to offer evidence of Plaintiff's multiple prior convictions." (Def.'s Reply at 9.) In keeping with this concession, Defendant's opposition to Plaintiff's motion *in limine* only discusses Plaintiff's arrests and is silent as to the admissibility of his prior convictions. Should Defendant seek to introduce at trial evidence of Plaintiff's prior convictions occurring within the past ten years, the Court will rule on the admissibility of such evidence at that time. Defendant is precluded, however, from introducing evidence of Plaintiff's prior convictions older than ten years due to his failure to provide Plaintiff with reasonable written notice in accordance with Federal Rule of Evidence 609(b)(2).

### b. Affirmative Defenses of Comparative Fault and Qualified Immunity

Next, Plaintiff seeks to preclude Defendant from asserting the affirmative defenses of comparative fault and qualified immunity. The Court will discuss each in turn.

Although the Second Circuit has not determined whether the culpable conduct defenses of contributory negligence and comparative negligence apply to Section 1983 claims, other Circuits have recognized the inapplicability of the defenses to such actions. *See, e.g., McHugh v. Olympia Entm't, Inc.*, 37 F. App'x 730, 736 (6th Cir.) *amended on denial of reh'g*, 41 F. App'x 758 (6th Cir. 2002); *Quezada v. Cty. of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991). In *McHugh*, the Sixth Circuit was asked to apply Michigan's comparative fault statute to plaintiff's civil rights claims under 42 U.S.C. § 1988. *McHugh,* 41 F. App'x at 736 n.4. In rejecting that

10

request, the Court explained that "[t]he protection afforded under § 1983 was not intended to differ from state to state, and federal, not state, common law governs the determination of damages in a § 1983 action . . . . To apply comparative fault statutes in civil rights actions would result in the protection afforded under § 1983 to differ from state to state and would be inconsistent with the underlying policy of [§ 1983 –] deterrence and compensation."

Defendant, like the defendant in *McHugh*, asks this Court to apply a state comparative negligence statute – N.Y. C.P.L.R. § 1411 – to Plaintiff's § 1983 claim. Defendant cites only *Goodlett v. Kalishek*, 223 F.3d 32, 35-36 (2d Cir. 2000) and *Grier v. Chu*, 2012 U.S. Dist. LEXIS 134177 (S.D.N.Y. June 26, 2012), in support of his request, but neither case is applicable to the instant matter. *Goodlett* was a wrongful death action and did not involve claims brought under § 1983. *Grier* analyzed the plaintiff's negligence to determine whether plaintiff satisfied the objective element of an Eighth Amendment claim, but was silent as to the applicability of contributory negligence to the determination of damages under § 1983. And *Grier*, as a Report and Recommendation adopted by a district judge in the Southern District of New York, is not binding on this Court.

In light of the decisions by the other Circuits, and the policy underlying § 1983 – deterrence and compensation – the Court is not persuaded that New York's comparative negligence statute should be applied in this matter. Accordingly, Defendant may not assert the defense of comparative fault.

Turning to Defendant's assertion of qualified immunity, the Supreme Court and Second Circuit have made clear that an officer may assert the defense of qualified immunity, even if he has been found to have used excessive force. *See Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003) ("The Supreme Court has recently made clear that even officers who are found to have

used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection 'from the sometimes hazy border between excessive and acceptable force.'" (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)).  Despite Plaintiff's contention that a finding of excessive force swallows the qualified immunity defense, the Supreme Court and Second Circuit disagree.  Accordingly, Defendant may continue to assert the qualified defense.

### c. Officer Brady's Medical Records

Plaintiff seeks to preclude the introduction of Officer John Brady's medical records.  (*See* Def.'s Exs. B, C).  Brady is not a party to this action, but was injured during the alleged underlying incident.  Plaintiff contends that Brady's injuries and treatment are irrelevant to Defendant's use of force and that such testimony is cumulative and duplicative of Brady's expected testimony.  Moreover, Plaintiff argues that Defendant has not designated a foundation witness for the admission of Brady's medical records; such a witness is necessary in this case to explain and/or interpret the medical records.  Defendant, on the other hand, argues that Brady's medical records "should be admitted into evidence . . . because they are probative of the injuries sustained by Officer Brady while trying to subdue Jackson."  (Def.'s Opp. at 5.)

Although the Court agrees that Brady's medical records are probative of the injuries Brady sustained, and are likely admissible under Federal Rule of Evidence 803(6), Defendant has not clearly explained how Brady's medical records are probative of the issues before the Court for trial – whether Defendant used force, and if so, whether the force was objectively reasonable under the circumstances.  The Court will not speculate as to how Defendant may connect this evidence to the key issues before the Court, but will permit him to renew his application at trial is he so chooses.

### d. *Plaintiff's Plea Allocution Transcript*

Plaintiff seeks to bar Defendant from introducing the transcript of Plaintiff's plea allocution, wherein he admitted to striking Defendant during the alleged incident with the intent to cause physical injury. Plaintiff contends that introduction of the transcript is unnecessary, cumulative, duplicative, and potentially confusing. Defendant counters that the transcript is admissible as an admission of a party opponent under Federal Rule of Evidence 801(d)(2), and potentially as a prior inconsistent statement under Federal Rule of Evidence 801(d)(1), as Plaintiff is expected to testify that he did not punch Defendant and was not capable of punching Defendant due to an injury to his hand.

Plaintiff's anticipated testimony about whether he struck Defendant, and whether he was physically capable of doing so, is relevant and highly probative of whether Defendant's use of force, to the extent it occurred as alleged, was objectively reasonable under the circumstances. Although "[p]rior inconsistent statements are generally admissible for impeachment purposes only," *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) (citing Fed. R. Evid. 613), they are admissible for substantive purposes if "they were made at 'a trial, hearing, or other proceeding, or in a deposition.'" *Id.* (citing Fed. R. Evid. 801(d)(1)(A)). Plaintiff's statements were made during a plea allocution and thus are admissible on both Defendant's direct case and for impeachment purposes.

### e. *Officer Moody's Deposition Testimony*

Plaintiff seeks to preclude Defendant from introducing the deposition testimony of Officer Jonathan Moody at trial. Plaintiff contends that Defendant has not made the requisite showing of Moody's unavailability under Federal Rule of Evidence 804 to use Moody's deposition testimony at trial.

13

Federal Rule of Evidence 804 permits the use of former testimony when a declarant is unavailable as a witness. Fed. R. Evid. 804(b). For the purposes of admitting former testimony, a declarant is considered unavailable when "the statement's proponent has not been able, by process or other reasonable means, to procure . . . the declarant's attendance." Fed. R. Evid. 804(b)(5) – 804(b)(5)(A). The former testimony must have been "given . . . at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and . . . is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1)(A) – (B).

Defendant's counsel declares that she has attempted to contact Moody by sending correspondence to his last known address and calling him by telephone at the number Moody previously provided. (Declaration of Janine Mastellone, Docket No. 215, ¶ 5.) When attempting to contract Moody by telephone, a message indicates that the person counsel is attempting to contact cannot be reached. (*Id.*) To date, counsel has been not been able to reach Moody and no other address for him is currently known.

The Court finds that Defendant's counsel used reasonable means to attempt to procure Moody's attendance at trial. In light of counsel's inability to procure Moody's attendance, he is considered unavailable to testify at trial. Moreover, Moody's deposition testimony fulfills the requirements of Federal Rules of Evidence 804(b)(1)(A) and (B), as the testimony was taken in a deposition in this matter, during which Plaintiff's counsel had the opportunity to cross examine Moody. The Court requests that Defendant's counsel continue her efforts to procure Moody's attendance at trial, but to the extent that he is not available at the time he is to be called as a witness, Defendant may offer Moody's deposition testimony as evidence at trial.

###### f. Treatment of Defendant's Witnesses As Hostile

Plaintiff seeks an order deeming Defendant and all defense witnesses as hostile under Federal Rule of Evidence 611(c), permitting Plaintiff to ask leading questions to the witnesses during their direct examination by Plaintiff's counsel. "Rule 611(c) establishes that leading questions ordinarily should not be used on direct examination, except 'when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party.'" *SEC v. World Info. Tech., Inc.*, 250 F.R.D. 149, 2008 U.S. Dist. LEXIS 30313 (S.D.N.Y. 2008).

Plaintiff has provided scant evidence of any particular witnesses' lack of cooperation, let alone that he anticipates any witness to be hostile, biased, or recalcitrant at trial. *Id.* Rather than rule now, without the benefit of observing each witness' testimony at trial, the Court will permit Plaintiff to renew his application each time a witness testifies, should that witness' testimony evidence the need to treat him or her as hostile.

###### g. Request for an Adverse Inference Charge

Plaintiff seeks an adverse inference charge for Defendant's purported failure to preserve and disclose video evidence of the alleged incident. Defendant contends, by Declaration of Anne Fitzsimmons, Assistant Chief of the White Plains Police Department, that no video of the incident exists, and that video cameras were not installed in the police department until 2008. (Declaration of Anne Fitzsimmons, Docket No. 216, ¶ 3).

Plaintiff accepts Defendant's assertion that video recording of the "booking area" did not exist in 2003, but contends that that assault is alleged to have occurred by the "prisoner cells located in another part of the Headquarters, as testified by the Plaintiff." (Pl.'s Reply at 7.) Plaintiff does not offer any citation for his purported testimony.

Reviewing the Amended Complaint in this matter, (Docket No. 54), Plaintiff was purportedly "lifted from the floor [in the booking area] and escorted by defendant Moody and another officer towards a hallway leading to the holding cell area," at which time he was purportedly struck by Defendant. (*Id.* ¶¶ 33-34.)  It is unclear from these allegations whether Plaintiff was purportedly struck while still in the booking area, or whether he had in fact left the booking area and entered a hallway leading to the holding cells.  Without more, the Court cannot draw an adverse inference based on the evidence proffered by Plaintiff.  Plaintiff may renew his application at trial, assuming he can show that the underlying incident was alleged to have occurred outside of the booking area.

### h. *Exhibit Enlargements*

Plaintiff seeks to introduce printed enlargements of photographs, medical records, and diagnostic images for the jurors' ease in viewing.  Defense counsel has not yet been provided with or had the opportunity to review the enlargements.

Plaintiff has agreed to revisit this issue after Defendant has the opportunity to review the enlargements.

### i. *Evidence of Defendant's Individual Finances*

Plaintiff seeks to preclude Defendant from implying that he or his family will be personally harmed by any judgment rendered against him.  In response, Defendant argues for bifurcation of the liability and compensatory damages phases of the trial from any determination on punitive damages.  Defendant does not directly address Plaintiff's request, except to note that the City of White Plains is under no duty to indemnify or save Defendant harmless from an award of punitive damages.

Without knowing whether Defendant will be indemnified by the City of White Plains, the Court cannot rule on Plaintiff's request. Plaintiff may renew his application at trial if Defendant seeks to imply that Defendant will be personally harmed by any judgment rendered against him, at which time the Court will require Defendant to answer the question of whether, to the best of his knowledge, the City of White Plains intends to indemnify Plaintiff.

## CONCLUSION

For the foregoing reasons, the parties' motions *in limine* are GRANTED in part and DENIED in part. The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 211 and 214. The parties are directed to appear at the previously scheduled pretrial conference on January 22, 2016 at 11:00 a.m.

Dated:  January 19, 2016
        White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge